FILED

Dec 18 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>   v.<br><br>BENNY POWELL, Jr.,<br><br>        Defendant. | Case No. 3:20-mj-71681(SVK)<br><br>**DETENTION ORDER** |

This matter came on for a public video detention hearing on December 17, 2020. Defendant consented to appear by video, in light of the current public health restrictions. Retained counsel Elliot Silver, AUSA Yoosun Koh, Pretrial Services Officer Gustavo Rangel also appeared by video. Both parties were allowed an opportunity to call witnesses and to present evidence. Both parties presented their arguments by way of written briefs and proffer through counsel. Either party may appeal this detention order to the duty district court judge, U.S. District Judge Edward Davila.

Defendant is charged with violations of 18 U.S.C. § 1349 and 18 U.S.C. §1028A(a)(1). A pre-bail report prepared by Pretrial Services on December 8, 2020 and an Addendum Report prepared on December 16, 2020 recommend that defendant be detained as a risk of danger to the community.

The Court adopts the facts set forth in the Pretrial Services reports, supplemented by information presented in the Government's written motion for detention and the Defendant's written opposition as well information presented at the hearing. The Court finds that the Government has established by clear and convincing evidence that the Defendant poses a danger

1  to the community that cannot be reasonably mitigated by any combination of conditions.
2  The Court notes that the charged offenses (conspiracy to commit bank fraud, aggravated identity
3  theft) are not violent or dangerous crimes, and the Court rejects the Government's argument that
4  severe economic harm poses a danger to the community sufficient to merit detention in
5  this case.  The reasons for detention in this case arise out of the history and characteristics of the
6  Defendant and the nature and seriousness of the danger to the community that would be posed by
7  defendant's release (18 U.S.C. § 3142(g)) and are as follows:  Defendant's 2008 convictions for
8  attempted murder with use of a firearm and carrying a concealed weapon; Defendant's 2018
9  violations of parole conditions, including seventeen charges including felon in possession of a
10 firearm, carrying a loaded, concealed weapon in a vehicle and obstruction of a public officer; at the
11 time of his 2018 arrest, Defendant attempted to flee the arresting officers.  Defendant's recent
12 conduct while on parole indicates that he is not amenable to court supervision.  Further, the Court
13 does not find that proposed conditions of release, which include Defendant's wife acting as a surety
14 and custodian, sufficient as Defendant was living with his wife at the time of his previous criminal
15 behavior.
16     The Defendant is committed to the custody of the Attorney General or his designated
17 representative for confinement in a corrections facility separate, to the extent practicable, from
18 persons awaiting or serving sentences or being held in custody pending appeal. The Defendant
19 must be afforded a reasonable opportunity for private consultation with defense counsel.  On order
20 of a court of the United States or on the request of an attorney for the Government, the person in
21 charge of the corrections facility must deliver the Defendant to a United States Marshal for the
22 ///
23 ///
///
24 ///
25 ////

purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

December 17, 2020

SUSAN VAN KEULEN
United States Magistrate Judge

3